UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

NICOLE KAUFMANN, as Administratrix of the Estate
of MASON M. KAUFMANN-RICH, Deceased, and
NICOLE KAUFMANN, Individually,

                                          Plaintiff,                    COMPLAINT

      -against-

                                                                   Case No. 1:14-cv-264 (TJM/CFH)

THE UNITED STATES OF AMERICA,

                                    Defendant.

---

Plaintiff, Nicole Kaufmann, as Administratrix of the Estate of Mason M. Kaufmann-Rich, Deceased, and Nicole Kaufmann, Individually, complains of defendant and shows the court the following:

## JURISDICTION AND VENUE

1. Plaintiffs are domiciled in the County of Ulster, State of New York, residing at

2. The United States of America is the defendant in this action as the physician who provided care and treatment to the plaintiff, Augustus Bentsi-Barnes, M.D., was an agent, servant, and/or employee of the United States of America at the time he provided such care.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1346(b), since the Court has original jurisdiction in civil actions in which the United States of America is a defendant.

4. Venue is properly placed in the United States District Court for the Northern District of New York since a substantial part or all of the events or omissions giving rise to the claim occurred in the Northern District of New York and the plaintiffs reside in the Northern District of New York

1

in the City of Kingston, County of Ulster, New York.

5. An action based on the exact same facts as alleged herein was timely commenced in Supreme Court, County of Ulster, State of New York, against Augustus Bentsi-Barnes, M.D., And Kingston Hospital. A copy of that Complaint with Notice of Filing and affidavits of service are attached herewith.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### ON BEHALF OF THE PLAINTIFF

6. Prior to the commencement of this action, on November 26, 2012, the Surrogate's Court of the County of Ulster, State of New York, did duly issue to the plaintiff, Nicole Kaufmann, Letters of Limited Administration upon the Estate of Mason M. Kaufmann-Rich, above named, who died a resident of the County of Ulster, State of New York. Nicole Kaufmann has duly qualified as such administratrix, such letters remain in full force and effect, and Nicole Kaufmann is duly authorized to maintain this action. A copy of the Limited Letters of Administration are attached hereto.

7. Upon information and belief, at all times herein mentioned, Augustus Bentsi-Barnes, M.D., was a resident of the County of Ulster and State of New York.

8. Upon information and belief, at all times herein mentioned, Augustus Bentsi-Barnes, M.D., was an employee of defendant The United States of America.

9. Upon information and belief, at all times herein mentioned, Augustus Bentsi-Barnes, M.D., was a physician duly licensed to practice medicine in the State of New York.

10. Upon information and belief, at all times herein, Augustus Bentsi-Barnes, M.D., specialized in the practice of obstetrics and gynecology.

11. Upon information and belief, at all times herein, Augustus Bentsi-Barnes, M.D., was a principal, agent, servant, and/or employee of the Institute for Family Health located at 1 Foxhall Avenue, Kingston, New York, 12401..

12. Upon information and belief, Augustus Bentsi-Barnes, M.D., at the times that he rendered medical care to plaintiff Nicole Kaufmann, was employed by defendant The United States of America, or was acting as a principal, agent or servant of defendant The United States of America, and was acting within the scope of his employment and duties.

13. Upon information and belief, the principals, agents, servants and employees of the Institute for Family Health located at 1 Foxhall Avenue, Kingston, New York, 12401, at the times that they rendered medical care to plaintiff Nicole Kaufmann, were employed by defendant The United States of America, or were acting as a principal, agent or servant of defendant The United States of America, and were acting within the scope of their employment and duties.

14. During the prenatal period culminating in the delivery of the decedent, Mason M. Kaufmann-Rich, on June 3, 2011 at the Kingston Hospital, the plaintiff, Nicole Kaufmann, and the decedent, Mason M. Kaufmann-Rich, were under the care of Augustus Bentsi-Barnes, M.D., his agents, servants and employees.

15. During the prenatal period culminating in the delivery of the decedent, Mason M. Kaufmann-Rich, on June 3, 2011 at the Kingston Hospital, the plaintiff, Nicole Kaufmann, and the decedent, Mason M. Kaufmann-Rich, were under the care of the Institute for Family Health, their agents, servants and employees.

16. During the prenatal period culminating in the delivery of the decedent, Mason M. Kaufmann-Rich, on June 3, 2011 at the Kingston Hospital, and during the period of hospitalization

following the said delivery, plaintiff Nicole Kaufmann, and Mason M. Kaufmann-Rich, were under the care of Augustus Bentsi-Barnes, M.D., and the Kingston Hospital, its agents, servants and employees.

17. Plaintiff Nicole Kaufmann was a patient at the Kingston Hospital on June 1, 2011 and from June 3, 2011 to June 5, 2011.

18. Plaintiff Nicole Kaufmann was a patient at the Kingston Hospital on June 1, 2011 and from June 3, 2011 to June 5, 2011 under the care of Augustus Bentsi-Barnes, M.D., and Kingston Hospital, their agents, servants and employees, and prior to that time had various testing and imaging studies ordered and performed by Augustus Bentsi-Barnes, M.D., and at Kingston Hospital.

19. Plaintiffs Nicole Kaufmann and the deceased, Mason M. Kaufmann-Rich, had received care, including prenatal testing and imaging studies from Augustus Bentsi-Barnes, M.D., and Kingston Hospital, their agents, servants and employees, and the plaintiff's decedent, Mason M. Kaufmann-Rich, was a patient at the Kingston Hospital on June 3, 2011, under the care of Augustus Bentsi-Barnes, M.D., and the Kingston Hospital, their agents, servants and employees.

20. The plaintiff's decedent, Mason M. Kaufmann-Rich, was transferred from the Kingston Hospital to the Albany Medical Center Hospital on June 3, 2011, where he remained a patient until the time of his death on June 8, 2011.

21. The defendant, its agents, servants and/or employees, or each of them, and more particularly Augustus Bentsi-Barnes, M.D., was negligent in the examination, care, treatment, monitoring, diagnosis and evaluation of the plaintiff, Nicole Kaufmann, and of the plaintiff's decedent, Mason M. Kaufmann-Rich.

22. As a result of the negligence of the defendant, its agents, servants and employees, and

4

more particularly Augustus Bentsi-Barnes, M.D., and in particular the failure to properly evaluate, examine, diagnose and properly treat plaintiff, Nicole Kaufmann, and the plaintiff's decedent, Mason M. Kaufmann-Rich, the plaintiff suffered profound injuries and the plaintiff's decedent, Mason M. Kaufmann-Rich, suffered profound injuries and ultimately, death.

23. As a result of the negligence of the defendant, its agents, servants and/or employees, and more particularly Augustus Bentsi-Barnes, M.D., the plaintiff, Nicole Kaufmann, was caused substantial injuries, suffering, distress, anxiety, anguish, loss of enjoyment of life, economic loss and damage.

24. As a result of the foregoing, the plaintiff has been damaged in an amount to be determined by the trier of fact.

## AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF, NICOLE KAUFMANN, FOR THE WRONGFUL DEATH OF MASON M. KAUFMANN-RICH

25. Plaintiff, Nicole Kaufmann, repeats, reiterates and realleges each and every claim, statement and allegation contained in paragraphs numbered "1" through "24" inclusive, with the same force and effect as if fully set forth at length herein.

26. Each of the deviations from accepted standards of care previously alleged herein against the defendant, its principals, agents servants and/or employees, and more particularly Augustus Bentsi-Barnes, M.D., have caused injury to the plaintiff, Nicole Kaufmann, are equally applicable and were deviations from accepted standards of care with respect to the plaintiff's decedent, Mason M. Kaufmann-Rich.

27. The negligence of the defendant, its agents, servants, and employees, and more

particularly Augustus Bentsi-Barnes, M.D., as aforesaid, was the proximate cause of the wrongful death of the plaintiff's decedent, Mason M. Kaufmann-Rich.

28.   By reason of the foregoing, the defendant is liable to the plaintiff individually, as well as vicariously liable for the acts and omissions of its principals, agents servants and/or employees, for pecuniary loss arising out of the wrongful death of the plaintiff's decedent, Mason M. Kaufmann-Rich, in an amount to be determined by the trier of fact.

WHEREFORE, plaintiff demands judgment against the defendant as set forth above on each of the Causes of Action alleged herein, in a sum to be determined by the trier of fact, together with the costs and disbursements of this action.

DATED: March 10, 2014

Bruce A. Sutphin
Bar Roll Number: 103325

ROSENBLUM, RONAN, KESSLER & SARACHAN
Attorneys for Plaintiff
Office and Post Office Address
110 Great Oaks Office Park
Albany, New York 12203
Tel: (518) 464-0444